Filed 9/1/22  P. v. Mitchell CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOYCE YVETTE MITCHELL,<br><br>    Defendant and Appellant. | B316165<br><br>(Los Angeles County<br>Super. Ct. No. VA020811) |


APPEAL from an order of the Superior Court of Los Angeles County, John A. Torribio, Judge.  Reversed.

Eric R. Larson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant

1

Attorney General, Michael R. Johnsen and Theresa A. Patterson, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \*

The trial court denied the motion for resentencing filed by Joyce Mitchell (defendant) under Penal Code[1] section 1172.6 (former section 1170.95).[2]  We conclude the denial was improper under our Supreme Court's recent decision in *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*), and reverse.

### FACTS AND PROCEDURAL BACKGROUND

**I.  Facts**

**A.  *The underlying crime***

In July 1993, defendant spent a few days in Palm Springs with two friends of hers, James Humdy (Humdy) and Lauren Edwards (Edwards), and her five-year-old son.  Defendant knew that Humdy was a gang member who had committed violent acts in the past and that Edwards was his protégé in the gang.  While in Palm Springs, the group slept on the floor of an apartment rented by defendant's aunt.  The group had no money and discussed, as a means of getting some cash, ordering a pizza and robbing and carjacking the person who delivered it.

Anxious to be rid of defendant and her friends, defendant's aunt arranged for one of her friends from work to give them a ride back to Los Angeles in their truck.  Unbeknownst to defendant's aunt or her friend, the group discussed robbing and

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

[2]  Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10).

For the sake of simplicity, we will refer to the section by its new numbering only.

2

carjacking the friend and her boyfriend, who was accompanying them. Defendant owned a .22-caliber pistol.

The friend and her boyfriend drove the group back to Los Angeles in their truck. Soon after the group arrived back in defendant's neighborhood, Humdy directed the boyfriend—who had been driving—to stop the truck. Humdy then hopped out of the truck's bed, pulled out the .22-caliber pistol and ordered the boyfriend out of the truck's cab. Humdy beat the boyfriend using the plaster cast Humdy wore on his arm, and then shot him twice in the head. When the friend emerged from the truck's cab screaming, she was shot once in the head and once in the back. The boyfriend died instantly; the friend died a few hours later. The group took the boyfriend's wallet from his dead body, and removed the jewelry and cash from the friend as she lay dying in the middle of the street. Defendant slid into the driver's seat of the truck, and drove away from the scene of the shooting.

Two days after the shootings, defendant was still driving the stolen truck. Defendant confided in one of her friends that defendant, Humdy and Edwards had planned to rob her aunt's friend and the boyfriend all along, but not to kill them, and that all three were going to take the truck to the beach to wipe the fingerprints from it and dispose of it. Humdy then threatened to kill the confidante if she snitched. Humdy and defendant also threatened to kill the defendant's aunt, who had cooperated with the police who were investigating the murders.

The truck was later found in Marina Del Rey, slicked with motor oil in an effort to obliterate fingerprints.

**B.** *Prosecution, sentencing and appeal*

Defendant and Humdy were jointly charged with the robbery and murders of the friend and boyfriend. Edwards, a

3

juvenile, was charged separately. At defendant's separate trial, the jury found her guilty of two counts of first degree murder (§ 187, subd. (a)) and two counts of robbery. In regard to the murders, the jury also found true two special circumstance allegations: (1) that defendant committed multiple murders (§ 190.2, subd. (a)(3)); and (2) that the murders were committed during the commission of robberies, which required findings that she was a "major participant" in the robberies and acted with "reckless indifference to the value of human life" (§ 190.2, subd. (a)(17)). Defendant was sentenced to life in prison without the possibility of parole.

In February 1997, this court affirmed defendant's conviction on direct appeal.

## II. Procedural Background

In January 2019, defendant filed a petition for resentencing pursuant to section 1172.6. In response, the trial court requested briefing from the People. The People filed two oppositions to defendant's petition, the first on constitutional grounds and the second on the merits, alleging that defendant was ineligible for relief because she was a major participant in the underlying felony of robbery and acted with reckless indifference to human life.

Defendant filed replies to the People's opposition papers. A 1172.6 petition review hearing was held in June 2020. The court issued an order to show cause and set the matter for a "hearing."

On September 2, 2020, the court held a hearing on defendant's petition. The prosecutor argued that (1) the jury's special circumstance findings that defendant committed multiple murders and that the murders occurred during the commission of the robberies rendered defendant ineligible for relief as a matter

4

of law, and (2) the evidence at trial showed that substantial evidence supporting the jury's finding that defendant was a major participant in the robberies and was recklessly indifferent to the value of human life. Defendant argued that the prior special circumstance was *not* binding.

The trial court ruled that it "adopt[ed] the People's argument regarding the jury findings" and denied the petition.

Defendant timely filed this appeal.

## DISCUSSION

Defendant argues that the trial court erred in denying her section 1172.6 petition on the ground that the jury's prior special circumstance finding rendered her ineligible for relief under section 1172.6. Because this argument turns on questions of statutory construction and the application of law to undisputed facts, our review is de novo. (*People v. Blackburn* (2015) 61 Cal.4th 1113, 1123; *Martinez v. Brownco Construction Co.* (2013) 56 Cal.4th 1014, 1018.)

The People respond that defendant misreads the basis for the trial court's ruling, urging that the trial court's issuance of an order to show cause meant that the "hearing" that followed was an *evidentiary hearing*, such that the court's ruling thus did not rest on a finding of ineligibility as a matter of law and instead rested on an independent factual finding that defendant was a major participant who acted with reckless indifference. As a result, the People continue, we need not decide whether the trial court erred in finding defendant ineligible for relief as a matter of law, and should instead examine whether substantial evidence supports the court's factual finding of guilt. (§ 1172.6, subd. (d)(3).) We are not persuaded by the People's argument. Although we reject defendant's contention that a trial court

5

should be deemed to have held an evidentiary hearing only if it states as much on the record, the totality of the record makes it unclear precisely what the trial court was doing:  The court certainly issued an order to show cause and subsequently held a hearing, but the parties at that hearing devoted the bulk of their time to arguing about defendant's ineligibility as a matter of law due to the jury's special circumstance findings (including citing the precedent dealing with this issue), and the trial court "adopt[ed] the People's arguments regarding the jury findings," which suggests the court's ruling was based upon those findings rather than upon *its own independent finding*.

We accordingly turn to whether the trial court was correct in summarily denying defendant's petition.

Before the trial court, the People argued that *each* of the jury's special circumstance findings—that is, (1) the finding that defendant committed multiple murders, and (2) the finding that defendant was a major participant in the robberies and acted with reckless disregard—rendered defendant ineligible for relief as a matter of law.  On appeal, the People have conceded that it was inappropriate to rely upon the multiple murder special circumstance because that circumstance only required that defendant act with the "intent to kill" for *one* of the two murders, and the jury did not specify for *which* of the two murders she had harbored the intent to kill.  We accept this concession, and thus ask only whether the major participant/reckless disregard finding renders her ineligible for relief.

Under *Strong*, *supra*, 13 Cal.5th 698, it does not.

Section 1172.6 authorizes a defendant "convicted of felony murder or murder under the natural and probable consequences doctrine" to vacate her murder conviction if, as a threshold

6

matter, she makes a "prima facie showing" of entitlement to relief. (§ 1172.6, subds. (a) & (c).) This, in turn, requires a showing that, among other things, she "could not presently be convicted of murder" under the amendments to the murder statutes that became effective on January 1, 2019. (*Id.*, subd. (a)(3).) These statutes, even as amended, still authorize a murder conviction based on murder committed by someone else in the course of a jointly committed felony as long as the defendant "was a major participant in the underlying felony and acted with reckless indifference to human life." (§ 189, subd. (e)(3).)

In *Strong*, *supra*, 13 Cal.5th 698, our Supreme Court confronted the same basic facts present in this case. There, as here, the defendant's jury found true the special circumstance that she was a "major participant" who acted with "reckless indifference" to human life. There, as here, the jury's finding was made prior to the issuance of *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*). There, as here, the defendant was seeking relief under section 1172.6 and the trial court had summarily denied her that relief on the ground that jury's pre-*Banks* and pre-*Clark* finding was binding. *Strong* held that this was wrong. *Strong* reasoned that *Banks* and *Clark* "substantially clarified"—and narrowed—the meaning of the terms "major participant" and "reckless indifference." (*Strong*, at p. 721.) As a result, *Strong* concluded, "[f]indings issued by a jury before *Banks* and *Clark*" are not preclusive and, more to the point, "do not preclude a defendant from making out a prima facie case for relief." (*Id.* at pp. 710, 716-717.) *Strong* went on to hold that it was inappropriate for any court—trial or appellate—to evaluate whether substantial

7

evidence supports the jury's pre-*Banks* and pre-*Clark* finding if that evidence is viewed through the narrowed *Banks* and *Clark* prisms.  (*Id.* at pp. 719-720.)  In sum, *Strong* held that a pre-*Banks* and pre-*Clark* special circumstance finding does not warrant summary denial of a section 1172.6 petition; instead, the matter must proceed to an evidentiary hearing.  (*Id.* at p. 720.)

 *Strong* disposes of this appeal.  Defendant's special circumstance finding was made prior to *Banks* and *Clark,* and thus cannot provide the basis for the summary denial of her petition.  She is entitled to an evidentiary hearing.  Because we have concluded that she has not received such a hearing, we remand for one.

**DISPOSITION**

 The order is reversed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.

HOFFSTADT


We concur:


_____, P. J.

LUI


_____, J.

CHAVEZ